**Dave MORGAN, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**COUNTY OF YOLO, a political subdivision of the State of California; et al., Defendants–Appellees.**

**No. 06–16487.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2008.

Filed May 8, 2008.

Jon Webster, Esq., The Law Offices of Jon Webster, Concord, CA, for Plaintiff–Appellant.

Laurence L. Angelo, Esq., J. Scott Smith, Esq., Angelo Kilday & Kilduff, Sacramento, CA, for Defendants–Appellees.

Before: SCHROEDER, CLIFTON, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Dave Morgan appeals the district court's judgment on the pleadings in favor of the County of Yolo in his action alleging violations of the Fair Labor Standards Act and 42 U.S.C. § 1983. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Morgan seeks damages and attorney's fees under the FLSA, 29 U.S.C. § 216(b), asserting that a reimbursement provision in his employment contract rendered his last work week's wages "unpaid." None of Morgan's wages have been deducted or returned to the County, and Morgan has presented no evidence that he actually "banked" any of his wages in anticipation of reimbursing the County. The reimbursement provision can no longer have any effect on Morgan's wages because the County's claims under the provision have been dismissed with prejudice. Because he no longer has any live claims to "unpaid" wages, Morgan's FLSA claims are moot. *See Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

Morgan also seeks to maintain a claim under section 216(b) on behalf of other "similarly situated" employees. Without any live claims of his own, however, he lacks standing to represent a class of employees, as there has been no class certification. *See Kremens v. Bartley,* 431 U.S. 119, 132–33, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977) ("[I]t is only a 'properly certified' class that may succeed to the adversary position of a named representative whose claim becomes moot."); *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 398, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ("When … there is no chance that the named plaintiff's expired claim will reoccur, mootness can still be avoided through certification of a class prior to expiration of the named plaintiff's personal claim.").

Morgan seeks relief under 42 U.S.C. § 1983, alleging that the reimbursement provision deprived him of a property interest in "free and clear" wages and a liberty interest in being "free from restraint." Morgan has not established that he has actually been deprived of any of these interests, however. He was not terminat-ed or prevented from working elsewhere, and he was not actually deprived of any wages. Morgan's section 1983 claims are therefore moot, as well.

**AFFIRMED.**